<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARILEE BROWN, | : | |
| Plaintiff, | : | Civil Action No.  02-5556 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GALE NORTON, as Secretary of the U.S. Department of the Interior, THE UNITED STATES FISH AND WILDLIFE SERVICE, et al., Individuals and DOES I-XX, | : | |
| Defendants. | : | |

<u>GREENAWAY, JR., U.S.D.J.</u>

This matter comes before the Court on the Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment by Defendants Gale Norton, Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service (collectively, "Defendants").  Defendants have filed a Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment on the Amended Complaint, pursuant to FED. R. CIV. P. 12(c) and 56.   For the reasons set forth below, these Motions will be granted in part and denied in part.

## INTRODUCTION

Plaintiff has been employed by Defendant United States Fish and Wildlife Service ("FWS") since 1995.  Her initial work assignment was at the New Jersey field office in

Elizabeth, New Jersey, where the allegations contained in the Amended Complaint arose.

During Plaintiff's assignment to this office, she filed three complaints of discrimination with the

Equal Employment Opportunity Commission ("EEOC"), the first on July 6, 1998, and the second

and third in 1999.  By letter dated October 11, 2001, the EEOC issued a Final Agency Decision

("FAD") which determined that these complaints did not give rise to employment discrimination

claims.  The FAD gave notice of the right to sue within 90 days.  Plaintiff filed her initial

Complaint against Defendants on February 15, 2002 and, by leave of this Court, an Amended

Complaint on January 31, 2005.  In the Amended Complaint, Plaintiff alleged that Defendants:

engaged in discriminatory retaliation against her in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000 (Count I); engaged in discriminatory retaliation in violation of N.J.

Stat. § 34:19-3 (Count II); and failed to pay wages in violation of both the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 (Count III) and N.J. Stat § 34:11-56a (Count IV).  On May 19,

2005, Defendants filed the instant motions.

## ANALYSIS

**I.      Governing Legal Standards**

        A.      Standard for a Rule 12(c) Motion for Judgment on the Pleadings

The standard for a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) is

the same as that for a motion to dismiss under FED. R. CIV. P. 12(b).  See Spruill v. Gillis, 372

F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards").

Because the legal standards do not differ, this Court will use the word "dismiss" in this opinion

to refer to the action sought by the Motion for Judgment on the Pleadings.

B.      Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999).  All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

C.      Standard for a Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S.

317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  In

making this determination, the Court must draw all reasonable inferences in favor of the non-

movant.  Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994); Nat'l

State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1581 (3d Cir. 1992).

Once the moving party has satisfied its initial burden, the party opposing the motion must

establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v.

Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for

summary judgment cannot rest on mere allegations and instead must present actual evidence that

creates a genuine issue as to a material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir.

1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary

judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED.

R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a

genuine issue for trial").

If the nonmoving party has failed "to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof

at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex,

477 U.S. at 322-23).  In determining whether there are any issues of material fact, the Court must

resolve all doubts as to the existence of a material fact against the moving party and draw all

reasonable inferences – including on issues of credibility – in favor of the non-moving party.

Watts v. Univ. of Del., 622 F.2d 47, 50 (3d Cir. 1980).

**II.      Defendants' 12(c) Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment**

      A.      Count I: Discriminatory Retaliation

Plaintiff has stated a valid claim for relief under Title VII, 42 U.S.C. § 2000e.  Plaintiff alleges that she assisted her sister in filing a EEOC claim against Defendants, and filed her own EEOC claims against Defendants, that these are protected activities, pursuant to 42 U.S.C. § 2000e-3(a), and that Defendants took retaliatory and discriminatory action against her in response.  In their Answer, Defendants asserted the affirmative defense of failure to exhaust administrative remedies.  As argued in Defendants' brief, this is based solely on the argument that Plaintiff's Complaint was filed too late.  The sole dispute in this regard concerns whether Plaintiff's Complaint was filed timely; Defendants do not otherwise assert that Plaintiff has failed to state a valid claim for which relief can be granted.

Considering first Defendants' Motion for Judgment on the Pleadings, this Court applies the standard for a 12(b)(6) motion to dismiss.  Under this standard, the claim will be dismissed only if Plaintiff can prove no set of facts that will entitle her to relief.  An affirmative defense provides the basis for dismissal only if it appears on the face of the complaint.  Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).  "In Title VII actions, failure to exhaust administrative remedies is an affirmative defense in the nature of statute of limitations."  Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).  Thus, for Defendants to succeed under the standard for a motion to dismiss based on the affirmative defense of failure to exhaust administrative remedies, that defense must appear on the face of the complaint.  Here, it does not.

The Complaint makes no reference to the FAD, no less the date on which it was issued or received.  Defendants admit that, in their argument, they are "relying on matters that are arguably outside the pleadings."  (Def.'s Br. Supp. Mot. 13 n.1.)  Such matters do not enter the 12(b)(6) or 12(c) analysis.  Examining the Complaint alone, Plaintiff has pled a valid claim for relief under Title VII.  Defendants point to no insufficiencies in the Complaint itself for Count I, nor does this Court observe any.  Defendants' Motion for Judgment on the Pleadings for Count I is denied.

In the alternative, considering this is as a Motion for Summary Judgment, Defendants cannot prevail.  Crucially, despite having requested, in the alternative, that this Court treat this motion as one for summary judgment, Defendants have offered no legal basis for a grant of summary judgment; indeed, Defendants have made no mention whatsoever of the law of summary judgment.  As the movant, Defendants bear the burden of establishing the absence of any genuine issue as to a material fact that would preclude judgment as a matter of law.  Defendants have not argued this, no less proven it, and have failed to carry their burden.

Moreover, even if Defendants had argued that no genuine issue of material fact precluded summary judgment, the nonmovant has met her burden of identifying for this Court specific facts, supported by evidence, that illustrate the presence of a genuine issue for trial.  Material to Defendants' affirmative defense of failure to exhaust administrative remedies is proof that Plaintiff exceeded the 90-day time limit for filing her Complaint.  The time frame for filing a civil suit after an EEOC dismissal of a complaint is specified in 42 U.S.C. § 2000e-5(f)(1): "within ninety days after the giving of such notice [of EEOC dismissal of the charge] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved."  Although the Third Circuit has not interpreted this provision, courts in this

district have construed the "giving of such notice" to occur at the time of delivery to the plaintiff

at the address of record.  See Lomans v. Monmouth Chemical Dependency, 1992 U.S. Dist.

LEXIS 15450, *6 (D.N.J. 1992) (reviewing the law of other circuits and holding that the 90-day

period commenced upon delivery to plaintiff's address of record); Oswald v. Veeder Root Co.,

662 F. Supp. 952, 953 (W.D.Pa. 1987) (same).  Plaintiff has offered numerous pieces of

documentary evidence supporting a conclusion that the EEOC did not send the FAD to her

address of record.  (Pl. Br. Opp. Mot. Ex. 1-15.)  This demonstrates the existence of a genuine

issue as to a material fact for trial: a finder of fact must determine when the 90-day period began

to run.  Defendant's Motion for Summary Judgment on Count I is denied.

> B.      Counts II and IV: State Law Claims for Retaliation and Failure to Pay Wages

Defendants argue that Counts II and IV, as claims under New Jersey state law against the

United States, must be dismissed because the United States and its federal agencies enjoy

sovereign immunity unless expressly waived.[1]  Plaintiff does not argue that the United States has

waived sovereign immunity for these state law causes of action; rather, she states that she does

not oppose dismissal of these claims.  (Pl. Br. Opp. Mot. 2.)  Defendants' Motion to Dismiss

Count II and Count IV is granted.

> C.      Count III: Violation of the Fair Labor Standards Act

Defendants argue that Count III, alleging a violation of the Fair Labor Standards Act, was

not made in Plaintiff's initial Complaint of February 15, 2002, but only in the Amended

Complaint of January 31, 2005.  This claim, Defendants argue, is time-barred by the 2-year

---

[1]"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  Block v. N.D., 461 U.S. 273, 287 (1983).

statute of limitations of 29 U.S.C. § 255(a).  Plaintiff argues that Count III relates back to the

initial Complaint under FED. R. CIV. P. 15(c)(2), thus bringing the claim within the limitations

period.

Under FED. R. CIV. P. 15(c), "[a]n amendment of a pleading relates back to the date of the

original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading."  The parties dispute whether Count III of the Amended Complaint arose out of an

occurrence set forth in the initial Complaint.  Count III of the Amended Complaint presents a

claim for Defendant's failure to pay Plaintiff various wages for work at the F.A.A. during the

period of October 2001 through March 2002.  The parties do not dispute that the initial

Complaint alleges retaliatory action by Defendant employer during the period of October 2001

through the filing date of the Complaint, but does not mention the F.A.A. or the failure to pay

wages.

In the Amended Complaint, Plaintiff alleges that she performed work for the F.A.A.

under an agreement with the FWS requiring that the FWS pay her wages.  In determining

whether, under Rule 15(c)(2), this claim arose out of the same occurrence set forth in the initial

Complaint, this Court must find the correct level of generality or specificity for the analysis.  At a

general level of analysis, both the new claim and the old ones arose out of alleged discriminatory

retaliation at FWS during October 2001 through the filing date of the Complaint; at a more

specific level of analysis, the occurrence of failure to pay wages for work at the F.A.A. differs

from the specific acts of retaliation alleged in the initial Complaint.

The Supreme Court addressed Rule 15(c)(2) and clarified the relation back analysis

earlier this year in <u>Mayle v. Felix</u>, 125 S. Ct. 2562 (2005).  <u>Mayle</u> concerned an amended habeas petition filed by Felix, who argued that an amended petition related back to an original one under Rule 15(c)(2) because both arose from the same trial and conviction.  The Court rejected this argument and held that an amended petition "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  <u>Id.</u> at 2566.  Specifically, the Court noted that this reading was "consistent with the general application of Rule 15(c)(2) in civil cases."  <u>Id.</u> at 2575.  The Court required an identity of facts at a fairly specific level.

Under <u>Mayle</u>, then, to relate back, Count III of the Amended Complaint must be supported by facts of the same time and type as in the original pleading.  It does not.  While the time period is overlapping, it is not identical.  More significantly, the facts are not of the same type, viewed with the requisite specificity.  The initial Complaint alleges many facts indicating retaliatory conduct, but failure to pay wages is not among them.  The initial Complaint alleges none of the specific facts essential to support Count III, such as the fact of working for the F.A.A. at the request of Defendant, the agreement that Defendant would pay wages for this work, and the failure of Defendant to pay those wages.  Thus, Count III of the Amended Complaint does not relate back to the initial Complaint under Rule 15(c)(2), and is thus outside the two-year statute of limitations of 29 U.S.C. § 255(a).

In another frequently-used approach to the relation back inquiry, "the court looks to whether the opposing party has had fair notice [from the initial pleading] of the general fact situation and legal theory upon which the amending party proceeds."  <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 310 (3d Cir. 2004).  The initial pleading gave no notice to Defendants that

they would be called upon to defend against a claim for failure to pay wages.  This confirms the conclusion that Count III of the Amended Complaint does not relate back to the initial Complaint under Rule 15(c)(2).

Because Count III of the Amended Complaint does not relate back to the initial Complaint, it fails to state a valid claim for relief under the 2-year statute of limitations of 29 U.S.C. § 255(a).  It is rescued from dismissal, however, because Plaintiff has stated a valid claim for a willful violation of the FLSA, which invokes the three-year statute of limitations of 29 U.S.C. § 255(a).  Defendants counter with two arguments: 1) only claims for dates within the three-year period (from January 31, 2002 through March, 2002) are within the 3-year limitations period; and 2) Plaintiff cannot meet the standard for showing a willful violation.

Defendants fail to explain the procedural relevance for the assertion that Plaintiff cannot meet the standard for showing a willful violation.  Defendants do not explain whether this assertion supports the motion to dismiss or the motion, in the alternative, for summary judgment.  This conclusory assertion does not provide the Court with a legal basis for granting either motion.  Considering the legal standards for these motions, Defendants have not met their burden in either case.  To prevail on a motion to dismiss, "defendant bears the burden of showing that no claim has been presented."  Hedges, 404 F.3d at 750.  To prevail on a motion for summary judgment, Defendant must show the nonexistence of a genuine issue of material fact.  Defendants have not argued that either burden had been met, no less done so.  Were courts to rule against plaintiffs simply because a defendant asserts that the plaintiff cannot prove its case, no claim would ever survive a motion to dismiss.

Plaintiff's Amended Complaint has stated a valid claim for relief for failure to pay wages

under the FLSA.  Count III of the Amended Complaint alleges that Defendants' refusal to pay was willful, thus invoking the three-year limitations period for willful violations under 29 U.S.C. § 255(a).  Because this Court has determined that Count III does not relate back to the initial Complaint, Plaintiff states a valid claim for relief for accrual dates within the 3-year limitations period which ended on the date of the filing of the Amended Complaint, January 31, 2005. Defendants' Motion to Dismiss this claim or, in the alternative, for Summary Judgment on this claim, is denied.

Having determined that Defendants' motions regarding Count III are denied, this Court need not reach the parties' dispute about the exact scope of the wages for which a valid cause of action has accrued.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment is granted in part and denied in part.  Defendants' Motion for Judgment on the Pleadings on Count II and Count IV is granted; Count II and Count IV of the Amended Complaint are hereby dismissed with prejudice.  Defendants' Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment on Count I and Count III is denied.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 17, 2005